IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEREMIAH P. KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-676-O-BP |
| | § | |
| FORT WORTH COMMUNITY | § | |
| CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Jeremiah P. King, proceeding *pro se*, has filed a civil case along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). ECF Nos. 1, 3. The undersigned was preliminarily assigned in each case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 4. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Jeremiah P. King is the plaintiff. He has named as defendant the Fort Worth Community Credit Union.

C.   LEGAL ANALYSIS

Plaintiff accompanied his complaint with a long form Application to Proceed in District Court Without Prepaying Fees or Costs under 28 U.S.C. § 1915 *et. seq.* ECF No. 3. The fully

completed Application includes the income and asset information for plaintiff King.

Whether to permit or deny an applicant to proceed *in forma pauperis* (IFP) is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

A review of the financial information submitted in the completed long-form Application reflects that Plaintiff receives total monthly income of $1,830. ECF No. 3 at 2. Plaintiff lists no spouse and has no dependents. ECF No. 3 at 1-3. The applicable poverty guideline for a family of one is $13,590. At a total income of $1,830 a month, Plaintiff's total annual household income of $21,960 is far above the poverty level for a family of one. The information in Plaintiff's Application shows that he has sufficient resources available to pay the applicable filing and administrative fees. Thus, after review and consideration of the Application to Proceed in District Court Without Prepaying Fees or Costs, the undersigned finds that the motion to proceed IFP should be denied.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Reed O'Connor **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 3.

It is further **RECOMMENDED** that Judge O'Connor inform Plaintiff that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b)

unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $402.00 within seven (7) days after his order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on September 13, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE